IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAROL ROBINSON | ) | CASE NO. 1:10CV1824 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| CITY OF EUCLID | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

Plaintiff *pro se* Carol Robinson filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Civil Rights Act of 1964, 42 U.S.C. § 2000e, against the City of Euclid, Ohio. She alleges that on June 27, 2007, she was assaulted while sitting in her car. A few days later, Plaintiff was arrested for unrelated events but, because of injuries sustained in the assault, including severe vaginal bleeding, she was taken to a hospital before being transported to the City of Euclid Jail. While at the Euclid Jail, she requested medical attention for follow up on her previous injury and for chest pain. As of August 3, 2007, still bleeding, she had not received medical attention.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

A municipality cannot be sued under § 1983 solely on the basis that an injury has been inflicted by one or more of its officials. The doctrine of *respondeat superior* does not apply to

governmental entities. *Board of County Commissioners of Bryan County, Okl. v. Brown,* 520 U.S. 397, 403 (1997). A governmental entity is liable under 42 U.S.C. § 1983 only when the execution of a government policy or custom, whether made by its lawmakers or those officials whose edicts or acts may fairly be said to represent official policy, inflicts the injury. The Plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't,* 8 F.3d 358, 363-64 (6th Cir.1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir.1987), *overruled on other grounds by Frantz v. Village of Bradford,* 245 F.3d 869 (6th Cir.2001)). The policy or custom "must be "the moving force" of the constitutional violation in order to establish the liability of a government body under § 1983. *City of Canton, Ohio v. Harris,* 489 U.S. 378, 389 (1989). Plaintiff has not identified any policy or custom by the City of Euclid involving deliberate indifference to medical care.

Even if Plaintiff may have a cause of action for deliberate indifference to medical care under the Eighth Amendment or Due Process Clause of the Fourteenth Amendment, it is apparent on the face of the Complaint that the statute of limitations for bringing a § 1983 claim expired before Plaintiff filed this action. Although the statute of limitations is an affirmative defense, a Complaint can be dismissed for failure to state a claim if the allegations of the Complaint demonstrate that the claim would be barred by the applicable statute of limitations. Ohio's two year statute of limitations for bodily injury applies to § 1983 claims. *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097 (6th Cir.1995). The conduct alleged in the Complaint took place over three years ago when Plaintiff alleges that she was denied medical treatment. This action was filed on August 18, 2010, beyond the expiration of the two-year statute of limitations period. There would be no purpose

2

in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Castillo v. Grogan*, 52 Fed. Appx. 750, 751 (6th Cir. 2002) (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious); *Alston v. Tennessee Dept. of Corrections,* 2002 WL 123688 * 1 (6th Cir. Jan. 28, 2002) ( "Because the statute of limitations was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate.")*; Fraley v. Ohio Gallia County,* 1998 WL 789385 * 1 (6th Cir., Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two year statute of limitations for bringing such an action had expired); *Hunterson v. Disabato*, 2007 WL 1771315 * 1 (3d Cir. June 20, 2007) (a district court may *sua sponte* dismiss a claim as time-barred where it is apparent from the complaint that the applicable limitations periods has run); *Ali v. Morgan,* 2009 WL 872896 * 3 (E.D. Ky., Mar. 27, 2009) (if a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*)*; Balch v. City of Warren*, 2008 WL 687079 * 1 ((N.D. Ohio, Mar. 10, 2008) (same).

Plaintiff has included Title VII of the Civil Rights Act of 1964 in support of her deliberate indifference to medical care claim. Title VII provides that "[i]t shall be an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin sex ... 42 U .S.C. §§ 2000e-2(a)(1)-(a)(2). Plaintiff is not an employee of the City of Euclid so Title VII does not apply to this case.

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. (ECF 2). This

action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date:  September 30, 2010                              **S/Christopher A. Boyko**
                                                      JUDGE   CHRISTOPHER   A.   BOYKO
                                                      UNITED STATES DISTRICT JUDGE